IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARRYL D. RIGGINS, :
AIS #184051, :
    Plaintiff, :
     :
vs. : CIVIL ACTION 14-215-CG-M
     :
SOPHAK KUOY, *et al.*, :
    Defendants. :
     :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis,* filed this § 1983 action in the Circuit Court of Escambia County, Alabama, which was removed by Defendant Sophak Kuoy and Defendant Ashley Kidd to the Middle District of Alabama. The Middle District of Alabama concluded that, based on the facts proposed by Plaintiff, the Southern District of Alabama is the appropriate venue in which Plaintiff's Complaint should be reviewed. On May 12, 2014, this case was transferred to this federal district court for appropriate action.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), this prisoner action has been referred to the undersigned, and it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) for the reasons stated herein, unless Plaintiff pays the

$400 filing fee[1] within the time period for filing objections to this Report and Recommendation.

## I. Nature of Proceedings

Reviewing the record, it appears that Plaintiff was allowed to proceed in state court without paying a filing fee.[2] Thereafter, Defendants removed the action to federal court and in doing so, paid the $400 filing fee. (Doc. 10 at 2). Upon transfer to this Court, Defendant Kidd was ordered to file her Special Report and Defendant Kuoy was ordered to supplement her Special Report with supporting evidence compliant with the Court's standing order regarding medical records, which they did. (Docs. 11, 12, 15). The gist of Plaintiff's Complaint is that he was denied asthmatic breathing treatments by Defendants because he is a smoker; and, it was only after presenting a sick call request slip that he was screened by another nurse and

---

[1] Effective May 1, 2013, an administrative fee of $50 is to be paid in addition to the $350 filing fee required upon filing of a civil action, for a total of $400. The $50 fee does not apply to persons proceeding and granted *in forma pauperis*.

[2] The docket sheet in *Riggins v. Kuoy,* CV-2013-41 at www.alacourt.com reflects Plaintiff's "indigent flag set to 'y.'" The Court contacted the Escambia County Circuit Clerk's Office and was told that the "y" indicates that Plaintiff was indeed proceeding on an affidavit of substantial hardship and was allowed to do so without paying that court's filing fee.

ultimately given chest x-rays and multiple breathing treatments. (Doc. 10 at 14).

## II. Discussion

### A. Subject Matter Jurisdiction

When an action is removed to this Court, one of the Court's initial inquiries is whether its subject matter jurisdiction over the removed action exists. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 587-88, (1999) (examining the existence of "subject-matter jurisdiction at the outset of a case ... [is] often ... the most efficient way of going") (citation and quotation marks omitted and alterations in the original). A review of Plaintiff's Complaint indicates that this Court has concurrent jurisdiction with the state court over this § 1983 action. *Felder v. Casey,* 487 U.S. 131, 139, (1988) (state courts possess concurrent jurisdiction with federal courts over § 1983 actions). Therefore, because the Court's jurisdiction over a removed prisoner action is not defeated by 28 U.S.C. § 1915(g), the Court must engage in its § 1915(g) screening process before proceeding to the merits of Plaintiff's Complaint. *See Lloyd v. Benton,* 686 F.3d 1225, 1227 (11th Cir. 2012).

### B. 28 U.S.C. § 1915(g)

Though this Court has jurisdiction over Plaintiff's § 1983 action, a determination must nonetheless be made ascertaining whether the action may proceed, or if it is precluded by 28 U.S.C. § 1915(g). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

By enacting the PLRA, which included § 1915(g), Congress sought "to reduce the quantity of inmate suits." *Jones v. Bock,* 549 U.S. 199, 223, (2007). To bring about the reduction of "the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints[,]" "Congress placed various restrictions on the ability of prisoners to seek judicial relief and the form such relief may take." *Al-Amin v. Smith,* 637 F.3d 1192, 1195 (11th Cir. 2011) (quotation marks and citation omitted). Therefore, in order to effectuate the intent of

4

Congress in enacting the PLRA, the Court is obligated to apply § 1915(g) to prisoner actions that are filed initially with the Court and prisoner actions that are removed to this Court. *See Skinner v. Switzer,* ___ U.S. ___, 131 S.Ct. 1289, 1299-1300, (2011) (holding that Congress "add[ed] 28 U.S.C. § 1915(g) to revoke, with limited exception, *in forma pauperis* privileges for any prisoner who has filed three or more lawsuits that fail to state a claim, or are malicious or frivolous"); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 315 (11th Cir.) ("Potentially negative consequences in *federal* courts, as distinguished from *state* courts, are precisely the consequences intended by Congress.")(emphasis in original), *cert. denied,* 533 U.S. 953 (2001). Whereas, not to apply the "three-strikes" rule to Plaintiff's removed state court action would allow Plaintiff to accomplish an end-run around the "three-strikes" rule by filing in state court and hoping, perhaps, for removal of his action to this Court, without paying the required filing fee.

In reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, the Court discovered that Plaintiff has at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which

5

relief can be granted, namely, *Riggins v. Hilbert,* CA 02-2184-RBP-JEO (N.D. Ala. Feb. 13, 2003)(dismissed for failure to state a claim upon which relief may be granted); *Riggins v. Coody,* CA 99-1230-MHT-SRW (M.D. Ala. Nov. 23, 1999)(dismissed as frivolous or malicious); *Riggins v. Hightower,* CA 99-0952-WHA-CSC (M.D. Ala. Apr. 7, 2000)(dismissed as frivolous or malicious and as failing to state a claim upon which relief may be granted); *Riggins v. Hightower,* CA 99-0722-WHA-CSC (M.D. Ala. Sept. 13, 1999),[3] *aff'd* (11th Cir. Sept. 27, 2000). Thus, Plaintiff has "three strikes," and the present action comes squarely within the ambit of 28 U.S.C. § 1915(g).

C. § 1915(g) in relation to removal

Similar to the facts of the present action is a case out of the Eleventh Circuit: *Lloyd v. Benton, supra* p. 3. In *Lloyd*, the district court originally remanded the case to state court because a remand appeared to further the

---

[3] The docket sheet in CA 99-0722 does not contain specific language reflecting that this action was dismissed on one of the grounds found under § 1915(g), but it does indicate that it was dismissed prior to service of process. (Doc. 8). Moreover, the United States District Court for the Middle District, in dismissing another of Plaintiff's actions under § 1915(g), *Riggins v. Robinson,* CA 04-0948 (M.D. Ala. Jan. 10, 2005), treated CA 99-0722 as a dismissal that counted as a "strike." Thus, it appears to this Court that the dismissal was based on a ground enumerated in § 1915(g).

6

purpose of the PLRA, and it was fair to all parties. Defendants appealed the district court's order and the Eleventh Circuit concluded that the defendants were entitled to a federal forum under original federal question jurisdiction and the district court should have retained jurisdiction over the properly removed claim. *Id.* at 1228. Reaching this conclusion, the Eleventh Circuit joined the Fourth Circuit in a case with nearly identical facts and a similar outcome: *Lisenby v. Lear,* 674 F.3d 259 (4th Cir. 2012).

In *Lisenby*, on appeal under similar factual and procedural history, the Fourth Circuit remanded the action to the district court because the district court had subject matter jurisdiction of the removed claims and lacked legal authority under the PLRA to deprive defendants of a federal forum. Neither the *Lloyd* court nor the *Lisenby* court delineated whether the district court should dismiss the claim under § 1915(g), or hear the merits once the case was remanded. However, on remand to the district court, the *Lisenby* court opted to resolve the plaintiff's complaint on the merits because the defendants did not raise the "three strikes" rule in their motion for summary judgment; and a further review of the plaintiff's prior cases indicated that the plaintiff was no longer deemed to

7

be a three-striker. *Lisenby v. Lear,* 2013 WL 3762953, at *1 n. 4 (D.S.C. July 16, 2013).[4]

In *Lloyd,* the district court, upon remand, required the parties to brief whether the plaintiff should be permitted to circumvent the three strikes provision by filing his removable claims in state court or whether to resolve the case on the merits. In their brief, defendants argued, and that court agreed, that the plaintiff's complaint should be dismissed as an abuse of the judicial process due to plaintiff lying about the existence of his previous lawsuits. Though this Court agrees with the outcome of *Lloyd,* we abstain from implementing the same analysis due to the differences in procedural posture between *Lloyd* and the present case.[5]

---

[4] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." *Lanier Constr. v. Carbone Properties of Mobile, LLC,* 253 F. App'x 861, 865 n.5 (11th Cir. 2007).

[5] The most relevant difference is that in the present case, Plaintiff has long been deemed a three-striker, and currently remains as such. *See* list of cases, *supra* p. 6. Additionally, a thorough review of Plaintiff's previous cases indicates that this is not the first time he has been dismissed under § 1915(g). Plaintiff has had several actions dismissed by this Court pursuant to said statute when he did not pay the filing fee at the time of filing, namely, *Riggins v. Culliver,* CA 05-0745-CG-B (S.D. Ala. Sept. 6, 2006); *Riggins v. Dr. Barnes,* CA 08-0157-KD-B (S.D. Ala. Feb. 4, 2010); *Riggins v. Allen,* CA 08-0195-CG-C (S.D. Ala. May 29, 2008); *Riggins v. Culliver,* CA 08-0651-CB-M (S.D. Ala. Feb. 23, 2010); and *Riggins v. Jones,* CA

8

Instead, this Court relies upon its former ruling which involved the same Plaintiff and the same set of circumventing facts, as well as a case originating out of the Middle District of Tennessee with similar facts. *See Riggins v. Corizon Med. Servs.,* 12-578-WS-M, 2012 WL 5471248 (S.D.Ala. Oct. 19, 2012); *Kotewa v. Corrs. Corp. of Am.,* 3:10-cv-0923, 2010 WL 5156031 (M.D.Tenn. Dec. 14, 2010). Both cases held that a *pro se* three-striker prisoner plaintiff may not file a barred § 1983 claim *in forma pauperis* in state court and continue to proceed in federal court once defendants removed the action to federal court and paid the filing fee, thereby alleviating plaintiff from the § 1915(g) filing fee requirement. To allow such a bypass would render § 1915(g) "meaningless and without any teeth." *Kotewa,* 2010 WL 5156031, at *3. Accordingly, the Court finds that the facts presented herein are similar to the facts in *Riggins* and *Kotewa;* and therefore, the implications of § 1915(g) must be applied to Plaintiff's Complaint.

    D.   Application of 28 U.S.C. § 1915(g)

---

12-0284-KD-M (S.D. Ala. July 19, 2012). It also bears noting that this is not the first time that Plaintiff has been dismissed for attempting this malicious circumvention of § 1915(g)'s requirements. *See also Riggins v. Corizon Med. Servs.,* 12-578-WS-M, 2012 WL 5471248 (S.D.Ala. Oct. 19, 2012) as discussed in this Report.

### 1. Possible Ways to Avoid the Application of § 1915(g)

#### a. Payment of the $400 Filing Fee

To avoid this action being precluded by the "three-strikes" rule, Plaintiff must pay the $400 filing fee or demonstrate that he is "under imminent danger of serious physical injury." The first way to avoid preclusion of an action is to pay the $400 filing fee at the time the Complaint is filed. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.), *cert. denied,* 535 U.S. 976 (2002). Because Plaintiff has not had the opportunity to pay the $400 filing fee in this Court, Plaintiff is being given the opportunity to pay the full filing fee of $400 within the time for filing an objection to the Report and Recommendation. *Kotewa v. Corrections Corp. of America,* No. 3:10-cv-0923, 2010 WL 5156031, at *3 (M.D. Tenn. Dec. 14, 2010) (unpublished) (allowing the prisoner to pay the filing fee after the action was removed to federal court);[6] *cf. Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (The purpose of this section is to curb abusive prisoner

---

[6] If additional time is needed to pay the full filing fee, Plaintiff must file a motion for extension of time within the time period for filing objections with a current copy of his inmate printout for the past year. The Court, however, will not entertain unending, repetitive motions. The failure to pay the filing fee within the time for filing an objection is grounds for dismissal of this action. *Kotewa,* No. 3:10-cv-0923, 2010 WL 5156031, at *3.

10

litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed). The payment of the filing fee is one of the PLRA's deterrents because it raised the "cost to a prisoner of filing a meritless lawsuit." *Vanderberg,* 259 F.3d at 1324; *see Mitchell v. Farcass,* 112 F.3d 1483, 1488-89 (11th Cir. 1997)(Congress placed economic incentives in the PLRA "that would prompt prisoners to 'stop and think' before filing a complaint," with "[t]he filing fee [being] small enough not to deter a prisoner with a meritorious claim, yet large enough to deter frivolous claims and multiple filings.").

                b. Satisfying the Imminent Danger of
                   Serious Physical Injury Exception.

The second way in which to avoid the preclusion of this action by the "three-strikes" rule is for Plaintiff's allegations to show that he was "under imminent danger of serious physical injury" at the time that he filed this action in state court. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) ("The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'"), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007); *Abdul-Akbar,* 239 F.3d at 315 ("By using the term 'imminent,' Congress

11

indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied*, 533 U.S. 953 (2001); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In order to satisfy the exception to § 1915(g), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown,* 387 F.3d at 1350. A plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Ball v. Allen*, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (unpublished) (citations and quotation marks omitted) (Granade, C.J.). Furthermore, the allegations must demonstrate that at the time the complaint was filed the danger existed. *Id*. at *2.

Plaintiff signed his Complaint on November 12, 2013, and it was scanned by the state court on November 22, 2013. (www.alacourt.com, CV-13-41-BWR).[7] Plaintiff alleges that on June 23, 2013, he advised Defendant Kidd at the Health Care Unit ("HCU") that "he was experiencing shortness of breath, wheezing, chest tightness, and coughing due to [an] [a]sthma [a]ttack and needed a breathing treatment." (Doc. 10 at 13). Defendant Kidd allegedly refused his request for an assessment and breathing treatment on the ground that Plaintiff has trouble breathing due to his smoking habit. (*Id.*). Plaintiff alleges he later went to pill call seeking help for the same symptoms, but was again turned away by Defendant Kuoy due to his smoking. (*Id.* at 14). Plaintiff contends that he was never allowed into the HCU and received no attention until he submitted a sick call request which resulted in an oxygen saturation screening and chest x-rays being ordered. (*Id.*).

---

[7] The date of filing for a prisoner action is the date that the prisoner delivers the document to officials for filing. *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constituted filing); *Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir. 1993) (applying *Houston v. Lack* to a prisoner's filing of a § 1983 action). Here, Plaintiff filed his Complaint sometime between November 12, 2013, when he signed his complaint, and when the state court scanned it on November 22, 2013. For the reasons discussed *infra*, it is not necessary to determine the exact date of filing.

13

Plaintiff was given chest x-rays and a breathing treatment on June 24, 2013, and then, on June 25, 2013, he was given another breathing treatment, a steroid shot, and placed on Z-pac antibiotic. (*Id*.). On June 29, 2013, Plaintiff was given another breathing treatment for the same symptoms, and, on June 30, 2013, Plaintiff submitted a "medical complaint to Benny Andrew, R.N., D.O.N." who responded "more or less faulting Plaintiff for not requesting a shiff [sic] supervisor to force [Defendant Kuoy] to give [him] a medical treatment. (*Id.* at 15).

After reviewing Plaintiff's Complaint, the Court finds that it does not present a claim of imminent danger of serious physical injury at the time the Complaint was filed. First and foremost, Plaintiff complains about events that took place beginning on June 23, 2013, and ending on or around July 17, 2013. Plaintiff signed his Complaint on November 12, 2013, almost four months after the events concluded. A four-month delay in filing does not coincide with plain meaning behind the phrase, "imminent danger of serious physical injury" as enacted by Congress. *See Abdul-Akbar,* 239 F.3d at 315 ("By using the term 'imminent,' Congress indicated that it wanted to . . . prevent impending harms, not those harms that had already occurred.").

To the extent that it may be found that a four-month delay can nonetheless classify as imminent, the Court further finds that Plaintiff presents no situation which poses a threat of serious physical injury. Plaintiff's symptoms of wheezing, chest tightness, and coughing are not symptoms sufficient to allege serious physical injury.

"Although asthma certainly can qualify as a serious medical condition, *Adams v. Poag,* 61 F.3d 1537, 1543 (11th Cir. 1995), the diagnosis of asthma alone is not enough to establish a serious medical need." *Crosby v. Perry,* 2010 WL 2464887, at *6 (M.D. Ga. June 14, 2010). To determine the seriousness of the conditions at the time of the complained of events, courts examine the complaint's allegations. *Id.* (holding that Plaintiff had an objectively serious medical need because his allegations described "a classic physical symptom of an asthma attack")(*citing Board v. Farnham,* 394 F.3d 469, 484 (7th Cir. 2005)("[A]sthma can be, and frequently is, a serious medical condition, *depending on the severity of the attacks"* (emphasis added)); *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001)("Asthma, depending on its degree, can be a serious medical condition."); *see also Brown v. Sec'y PA. Dep't of Corrs.*, 486 F.App'x. 299, 301-02 (3d Cir. 2012)(holding that allegations of coughing up mucous

that is speckled with blood, severe headaches, watery eyes, and changes in voice due to a faulty ventilation system and guards' tobacco smoke are sufficiently serious to pose a threat of imminent danger of serious physical injury).

However, not every episode of asthma symptoms constitutes a serious medical need. Courts recognize this distinction and refuse to fashion a rule that every instance of failure to treat a prisoner or detainee's asthma rises to the level of a constitutional claim. *Crosby,* 2010 WL 2464887, at *6, n.9 (citing *Adams,* 61 F.3d at 1539-41)(citation omitted).

Considering Plaintiff's allegation regarding his asthma under the liberal *pro se* pleading standard, he has failed to show that at the time of the filing of the complaint, he faced an imminent danger of serious physical injury. It appears that prior to Plaintiff's filing, he complained of asthmatic-type symptoms and ultimately received the treatment he was requesting thereby satisfying his medical needs and alleviating the risk of future reoccurrences. Furthermore, Plaintiff does not specify the severity of the attack he experienced nor does he indicate that he was susceptible to a subsequent attack which might lead to such a deteriorated state that he would be under imminent danger of serious physical injury.

III. Conclusion

Based on the foregoing reasons, the Court concludes that at the time of the Complaint's filing, Plaintiff was not under imminent danger of serious physical injury. Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing fee at the time he filed this action, Plaintiff's action is due to be dismissed without prejudice. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit")(emphasis in original); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.)(holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). In the event that Plaintiff pays the full $400 filing fee within the time period for filing objections to this Report and Recommendation, the Clerk is **DIRECTED** to forward this action the undersigned in order for the Report and Recommendation to be withdrawn. Plaintiff is advised that any future attempts to circumvent § 1915(g) will be treated in the same fashion, unless he

can pay the $400 filing fee or sufficiently allege imminent danger of serious physical injury.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 30th day of June, 2014.

                        s/BERT W. MILLING, JR.
                        UNITED STATES MAGISTRATE JUDGE